# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRETT TITTLE,
    Plaintiff,

    v.                                     Case No. 06-C-1190

CORRECTIONAL OFFICER BIRO BAUER[1]
and SGT. DULAN,
    Defendants,

## DECISION AND ORDER

Plaintiff Brett Tittle, who is currently confined at the Milwaukee County Jail ("MCJ"), lodged a pro se civil rights complaint under 42 U.S.C. § 1983. This matter comes before me on plaintiff's petition to proceed in forma pauperis. In addition, plaintiff has filed a motion to amend the complaint to add new parties and a motion for the appointment of counsel. I will address each motion herein.

### I. PETITION TO PROCEED IN FORMA PAUPERIS AND INITIAL SCREENING

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the

---

[1] The complaint indicated that Officer Bauer's first name was "Bebe," but plaintiff has since notified the court that it is "Biro." (See Docket #5 at 3.)

average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He was assessed an initial partial filing fee of $.20, but he paid $.30.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109 (7th Cir. 2003).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the

2

complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, the plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give a pro se plaintiff's allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (stating that there is no heightened pleading requirement for pro se prisoner civil rights complaints). Of course, if a complaint pleads facts which show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

At all relevant times, plaintiff was confined at the MCJ. The named defendants are Correctional Officer Biro Bauer and Sergeant Dulan, both of whom were, at all relevant times, employed by the MCJ. The complaint alleges that on November 3, 2006, plaintiff was taken to the "court staging" area by unnamed "escorting officers" who allegedly placed handcuffs on him that were too tight. After the handcuffs had been removed, plaintiff wanted to show Officer Bauer, who was at the court staging area, the marks that had been caused by the handcuffs.

3

When plaintiff approached Officer Bauer, she allegedly started screaming foul language and expletives at plaintiff and ordered him to sit down. Plaintiff demanded to see a supervisor. Sergeant Dulan was then brought to see the plaintiff. Plaintiff contends that when he tried to "address his concerns" with Sergeant Dulan, the Sergeant sided with Officer Bauer. Plaintiff alleges that he asked for a grievance and the officers' names, and that Officer Bauer gave her name but not the correct spelling.

Subsequently, after plaintiff was taken to his "assigned POD area," he allegedly asked for a grievance form but was told that there "is none available and its going to be forwarded into the trash." (Compl., "Continuation of Claim" at 1.) Plaintiff does not allege that either of the named defendants was the one who told him that the grievance form was unavailable.

The next day, an officer took plaintiff to the "Deputy Station" where he encountered Officer Bauer again. This time, Officer Bauer screamed at him, moved toward him "in an intimidating manner," and told him that "she is now going to make sure [he will] go into the hole for the duration of [his] stay at the Milwaukee County Jail . . . ." (Compl., "Continuation of Claim" at 2.)

Plaintiff contends that the verbal abuse and threats he was subjected to constituted cruel and unusual punishment and a violation of his constitutional rights to freedom of speech and equal protection of the laws.[2] (Compl., "Continuation of Legal Theory" at 2.) As relief, plaintiff seeks compensatory and punitive damages and a restraining order against the defendants.

It appears that plaintiff was a pretrial detainee when the events giving rise to this lawsuit took place. If so, the Eighth Amendment's prohibition on "cruel and unusual punishment" does

---

[2] Plaintiff cites the Fifth Amendment as the basis for his right to freedom of speech, but that right is guaranteed by the First Amendment, not the Fifth.

4

not apply. Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977) ("[T]he state does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law."). Rather, it is the Due Process Clause of the Fourteenth Amendment that protects persons in custody who have not yet been convicted. Cavalieri v. Shepard, 321 F.3d 616, 620 (7th Cir. 2003). However, the Supreme Court has stated that the Due Process Clause provides protections to pretrial detainees that are "at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983). Thus, when reviewing prison conditions of pretrial detainees, the court applies the same standard as it does for convicted prisoners. E.g., Washington v. LaPorte County Sheriff's Dept., 306 F.3d 515, 517 (7th Cir. 2002).

With respect to plaintiff's complaint about Officer Bauer's verbal harassment and Sergeant Dulan's failure to intervene in such harassment, it is clearly established that while defendants' conduct may have been unprofessional, it did not violate plaintiff's constitutional rights. DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."); Mallory v. Winchester, No. 06-CV-136, 2006 WL 3714838, at *2 (N.D. Ind. Dec. 12, 2006) (citing DeWalt to find that verbal harassment by prison officials did not violate the plaintiff's first amendment rights). Therefore, the claims concerning verbal abuse must be dismissed for failure to state a claim.[3]

---

[3] Plaintiff does not advance a claim concerning his allegation that he did not receive a requested grievance form. Even if the complaint were read to assert such a claim, that claim would

5

Plaintiff also alleges that Officer Bauer threatened to send him "into the hole for the duration of his stay in [MCJ]." (Compl., "Continuation of Claim" at 2.) I construe this as a claim that Officer Bauer threatened plaintiff with disciplinary segregation. Plaintiff does not allege that the threats were, in fact, carried out, even though he continues to be confined at the MCJ. Thus, this claim also fails.[4] See Todd v. Kyler, No. 1:CV-05-1994, 2007 U.S. Dist. LEXIS 490, at *11-12 (M.D. Pa. Jan. 5, 2007) (stating that verbal threats, unaccompanied by reinforcing acts, do not give rise to a constitutional violation, and collecting cases).

Based on the above, plaintiff's action will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), unless his proposed amendments to the complaint cure the noted deficiencies.[5]

---

also be without merit because plaintiff does not allege that either of the defendants was personally involved in the refusal to give him the form. Rather, he alleges that his specific request for a grievance form was made when he was placed in his POD cell after he had his initial confrontation with Officers Bauer and Dulan. Further, plaintiff does not allege who told him that the form was "unavailable."

[4]Even if the threats had been carried out, I note that a liberty interest exists only when prison officials restrain the freedom of an inmate in a manner that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Discipline in segregated confinement does not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest. Id. at 485; see also Thomas v. Ramos, 130 F.3d 754, 760-62 (7th Cir. 1997) (finding that prison inmate's 70-day confinement in disciplinary segregation was not "atypical and significant" deprivation of prisoner's liberty and thus did not implicate a protected liberty interest under the Due Process Clause). Thus, the claim would fail. I also note that plaintiff does not allege a retaliation claim.

[5]Plaintiff also alleges that defendants violated the MCJ Manual. However, § 1983 addresses violation of federal, not state law. See Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003) (explaining that § 1983 provides a remedy for constitutional violation, not violations of state statutes and regulations); Archie v. City of Racine, 847 F.2d 1211, 1216-17 (7th Cir. 1988) (explaining that violation of state law does not give rise to actionable § 1983 claim unless it independently violates the Constitution or federal law).

6

## II. MOTION TO AMEND COMPLAINT

Plaintiff has filed a motion to amend the complaint to add two additional defendants. Rule 15(a) of the Federal Rules of Civil Procedure states that a party may amend a pleading once as a matter of course any time before a responsive pleading is served. However, if a plaintiff seeks to add additional defendants, he must first obtain leave from the court, regardless of when the amended complaint was filed. Moore v. State of Indiana, 999 F.2d 1125, 1128 (7th Cir. 1993).

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962).

However, a plaintiff will not be allowed to amend his complaint if such amendments will be futile. Moore v. Indiana, 999 F.2d 1125, 1128 (7th Cir. 1993). For example, if the claims in the amended complaint could not withstand a motion to dismiss for failure to state a claim upon which relief can be granted, the court will not grant leave to file the amended complaint. Id.

Plaintiff did not include a proposed amended complaint along with his motion, as the Local Rules require. See Civ. L.R. 15.1 (E.D. Wis.) ("Any party submitting a motion to amend must attach to the motion the original of the proposed amended pleading."). Thus, I could deny the motion based on that violation. However, the motion also fails on the merits.

7

Plaintiff indicates in his motion that he wishes to add Milwaukee County and the Milwaukee County Jail as defendants because Officer Bauer and Sergeant Dulan are employees of these two entities. He claims that the Milwaukee County Jail and Milwaukee County are liable to him for failing to monitor Bauer and Dulan and for failing to protect him from their abusive and unconstitutional conduct.

The theory of respondeat superior is not available against a local governmental entity under § 1983. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978) (holding that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under 1983." Id. Courts have identified three instances in which a municipality can be said to have violated the civil rights of a person because of its policy or custom: (1) through an express policy that, when enforced, causes a constitutional deprivation; (2) through a wide-spread practice that, although not authorized by written law and express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) through an allegation that the constitutional injury was caused by a person with final decision policymaking authority. Calhoun v. Ramsey, 408 F.3d 375, 379 (7th Cir. 2005).

However, a municipality cannot be held liable absent a finding that the individual officers violated the plaintiff's constitutional rights. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per curiam) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point."); Estate of Phillips v. City of

8

Milwaukee, 123 F.3d 586, 597 (7th Cir. 1997) ("Neither the City nor the police officers' supervisor can be held liable on a failure to train theory or on a municipal policy theory absent a finding that the individual police officers are liable on the underlying substantive claim."); Thompson v. Boggs, 33 F.3d 847, 859 (7th Cir. 1994) (stating that a finding for the individual officer precludes a Monell claim).

Because plaintiff fails to state a claim under § 1983 against the individual officers, any claims against Milwaukee County or the Milwaukee County Jail under a municipal policy theory would be futile. Therefore, plaintiff's motion to amend the complaint will be denied. Furthermore, plaintiff's motion for the appointment of counsel will be denied as moot.

### III. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the plaintiff's "Motion to Amend" the complaint be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's "Motion for Appointment of Counsel" be and hereby is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff or his designee shall collect from plaintiff's jail trust account the $349.70 balance of the filing fee by collecting monthly payments from plaintiff's jail trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copies of this order be sent to the Milwaukee County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 16 day of January, 2007.

/s_____
LYNN ADELMAN
District Judge